UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Hilton Lawrence Brown

       v.                               Case No. 02-cv-262-JD

Solicitor General of the
    United States of America, et al.


O R D E R

On May 18, 2009, the plaintiff filed a pleading entitled "Petition for Writ of Mandate" and an accompanying document entitled "Jurisdictal Statement." While it is difficult to ascertain the precise nature of the dispute, it is clear that the factual allegations contained in those documents have no relation to the underlying civil rights action in the above-captioned case. To the extent the plaintiff is seeking to initiate a Writ of Mandamus pursuant to 28 U.S.C. § 1651, venue over the dispute as alleged is not proper in New Hampshire. See 28 U.S.C. § 1391. Therefore, the Petition for Writ of Mandate is DENIED and, to the extent it is intended to be a Writ of Mandamus, the denial is without prejudice.

The plaintiff also filed an untitled document that appears to be a Notice of Appeal to the United States Tax Court. It appears from the document that the plaintiff is attempting to appeal a letter sent by an employee of the clerk's office informing him of his obligation to pay the remaining balance of his initial filing fee, which totals $5.70. This filing, however, does not constitute a legitimate Notice of Appeal. First, the letter from the clerk's office is not an appealable order. Additionally, it is well settled that the United States Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress.

Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418 (1943); Kluger v. Commissioner, 83 T.C. 309, 314 (1984); Medeiros v. Commissioner, 77 T.C. 1255, 1259 (1981). In this case, the plaintiff has presented no meritorious basis for an appeal and, even if the issue were appealable, any such appeal clearly is not a matter within the jurisdiction of the United States Tax Court.

This case has now been closed for nearly 6 years. Of the original $150 filing fee, the plaintiff now owes $5.70. Given the age of the case and the de minimus nature of the remaining fee, the court shall absolve the plaintiff of his obligation to pay the remaining fee and treat the fee as paid in full.

SO ORDERED.


Date:  May 26, 2009                              /s/ *Joseph A. DiClerico, Jr.*
                                                 Joseph A. DiClerico, Jr.
                                                 District Judge


cc:    Hilton Lawrence Brown, pro se